# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

| | |
|---|---|
| **Marie Ferdinand,** | |
| *Plaintiff*, | Case Number:   8:23-cv-1417 |
| v. | |
| **Clarity Services, Inc.,** | **JURY TRIAL DEMANDED** |
| *Defendant*. | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, Marie Ferdinand ("**Ms. Ferdinand**"), by and through his attorneys, Seraph Legal, P.A., and complains of the Defendant, Clarity Services, Inc. ("**Clarity**"), stating as follows:

## PRELIMINARY STATEMENT

1. This is an action brought by Ms. Ferdinand against Clarity for violations of the *Fair Credit Reporting Act*, 15 U.S.C. § 1681, *et seq.* ("**FCRA**").

## JURISDICTION AND VENUE

2. Subject matter jurisdiction arises under the FCRA, 15 U.S.C. § 1681p, and 28 U.S.C. § 1331.

3. Clarity is subject to the provisions of the FCRA and is subject to the jurisdiction of this Court pursuant to Fed. R. Civ. P. 4(k) and § 48.193, Fla. Stat.

4. Venue is proper in the Middle District of Florida pursuant to 28 U.S.C. § 1391(b)(2), because the acts complained of were committed and / or caused by Clarity within Hillsborough County, Florida, which is in the Middle District of Florida.

## PARTIES

### Ms. Marie Ferdinand

5. Ms. Ferdinand is a natural person residing in the city of Winter Haven, Polk County, Florida.

6. At all relevant times, Ms. Ferdinand resided in the city of Winter Haven, Polk County, Florida.

7. Ms. Ferdinand is a *Consumer* as defined by the FCRA, 15 U.S.C. § 1681a(c).

### Clarity

8. Clarity is a Delaware corporation with a principal business address of 475 Anton Blvd., Costa Mesa, CA 92626.

9. Clarity is registered to conduct business in the State of Florida, where its Registered Agent is **CT Corporation System, 1200 South Pine Island Rd., Plantation, FL 33324**.

10. Clarity is a nationwide *Consumer Reporting Agency* ("**CRA**") within the meaning of the FCRA, 15 U.S.C. § 1681a(f), in that it, for monetary fees, dues,

or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and uses various means of interstate commerce for the purpose of preparing or furnishing consumer reports, specifically including mail, internet, and/or telephone communications.

## FACTUAL ALLEGATIONS

### Clarity Produces Clearly Erroneous Report on Plaintiff

11. Around June 2018, Clarity began maintaining a credit file on Ms. Ferdinand. *See* **PLAINTIFF'S EXHIBIT A.**

12. Around June 2019, Clarity incorporated credit information belonging to *Teresa Gamble*, an unrelated individual, living in Floresville, Texas into its credit file regarding Ms. Ferdinand. *Id.*

13. Thereafter, Clarity's credit file on Ms. Ferdinand stated her name was Marie Ferdinand, and that she is also known as Teresa Gamble. *Id.*

14. Ms. Ferdinand has never used nor applied for credit using the name "Teresa Gamble".

15. Clarity's credit file also falsely indicates that Ms. Ferdinand has a phone number with a Colorado area code and an email address listed as "XXXXXXmom1@gmail.com." *See* **PLAINTIFF'S EXHIBIT A.**

16. Ms. Ferdinand does not have, nor has she ever had, a phone number with a Colorado area code.

17. Ms. Ferdinand does not use or control the email address "XXXXXXmom1@gmail.com."

18. On information and belief, the Colorado phone number and the "mom1" email address belong to Teresa Gamble.

19. On information and belief, Clarity's file on Ms. Ferdinand is an example of a *mixed file*.

20. A *mixed file* is a credit file that contains information concerning two or more persons rather than the one person about whom it purports to relate.

21. On information and belief, the *mixed file* resulted from Clarity's reckless and improper methods by which it connects data reported to it by various furnishers and incorporates that data into its files.

22. In an aggressive attempt to match every record reported, Clarity's automated system often erroneously match information to a consumer's credit file with minimal commonalities.

23. Indeed, on information and belief, Clarity often matches data with the information in its files based on a single data point, such as the same year of birth, instead of utilizing all of the information provided to it.

24. These erroneous matches occur even when the data from Clarity's furnishers of information contains substantially different identifying information from that of the actual consumer.

25. Clarity knows that its automated systems erroneously match tradeline information to incorrect consumers' credit files with minimal commonalities.

26. Despite such knowledge, Clarity has declined to correct its systems.

27. Clarity, as a CRA, has a legal obligation to use reasonable procedures to assure the maximum possible accuracy of its consumer reports. 15 U.S.C. § 1681e(b).

28. Despite its obligation, Clarity has sold at least *forty-one (41)* consumer reports to Ms. Ferdinand's creditors since it first "mixed" her file.

29. On information and belief, each of these consumer reports contained information belonging to Teresa Gamble. *Id.*

30. Upon learning that Clarity now believes she is also known by an unrelated stranger's name, which is clearly not her own, and who lives in a state where she has never lived, Ms. Ferdinand became very concerned, as Clarity's reports concerning her contain egregiously wrong information.

31. One of the products Clarity sells to lenders is called *Clear Digital Identity*™, which it describes as a service that "cross-references application

information, phone and email details, and exclusive Clarity data to authenticate consumer identities and detect application fraud . . . . Comparing a consumer's personal information against phone, email and Clarity data helps to validate the legitimacy of an applicant's information and gives lenders a much greater assurance that applicants are who they claim to be. A failure to authenticate some of the data points can indicate fraud." *See* Clarity Services, Inc., https://www.clarityservices.com/solutions/fraud/clear-digital-identity/ (last visited July 22, 2022).

32. Upon information and belief, the presence of the name "Teresa Gamble" combined with what is presumably Ms. Gamble's personal information being incorporated into Ms. Ferdinand's file, resulted in Ms. Ferdinand's credit applications being falsely flagged as potentially fraudulent.

33. Ms. Ferdinand's Clarity Credit Score was 850 as of June 21, 2023 with the range of possible scores being 516 to 951. *See* **PLAINTIFF'S EXHIBIT B.**

34. Achieving and maintain a respectable credit score is important to Ms. Ferdinand who has made every effort to keep her score high.

35. The adverse factors listed by Clarity as to why Ms. Ferdinand's score was not higher included: (1) number of changes in application information, (2) number of changes in bank account information, and (3) number of changes in home phone information. *Id.*

36. Thus, the fact that Clarity's scoring algorithms saw too many changes to application information – e.g., different names, states of residence, e-mail addresses, etc. – lowered Ms. Ferdinand's Clarity Credit Score.

37. As a result of Clarity's erroneous association of information unrelated to Ms. Ferdinand in her consumer report, her credit score has been negatively impacted.

38. As evidenced by the glaring errors in its reports, Clarity failed to use reasonable procedures in producing the consumer reports regarding Ms. Ferdinand which it sold to many creditors, and potential creditors, as any reasonable procedure would have determined that information about an unrelated individual was mixed within Ms. Ferdinand's records.

39. Clarity could reasonably foresee that selling reports which contained data belonging to an unrelated individual would cause significant harm to Ms. Ferdinand.

40. Similarly, Clarity could reasonably foresee that producing credit reports which contain information about another person – especially a person so obviously not the subject of the credit report – would likely cause harm to the consumer for whom the report was created and for others (*e.g.*, Teresa Gamble) whose information was thereby improperly disclosed.

41. In June of 2023, Ms. Ferdinand requested a consumer credit disclosure from Clarity.

42. Pursuant to 15 U.S.C. § 1681g(a), upon receipt of Ms. Ferdinand's request, Clarity was required to "clearly and accurately" disclose *all* information in Ms. Ferdinand's file at the time of her request, as well as the *sources of information relied upon*.

43. As a CRA, Clarity knows or should know that the FCRA requires it to disclose the sources of information relied upon in compiling a consumer's credit report when providing a consumer disclosure. *Id.*

44. However, when providing Ms. Ferdinand with her disclosure, Clarity failed to disclose the source or sources of information upon which it relied to determine that Ms. Ferdinand is also known as Teresa Gamble or that she lived in Texas.

45. A consumer disclosure which claims a consumer in Florida is also known as a consumer in Texas, and without explanation as to how or why this information was determined, is, on its face, neither clear nor complete.

46. Clarity specifically chose which information to disclose in its consumer report, and therefore acted willfully in preparing a deficient report.

47. Alternately, Clarity has acted with gross recklessness and a complete disregard for the rights of consumers to receive complete and accurate reports concerning them.

48. As a result of Clarity's conduct, Ms. Ferdinand has suffered damage to her Clarity credit scores, damage to her reputation and loss of credit opportunities.

49. Ms. Ferdinand has also suffered emotional distress and has spent time and money in her effort to correct her file and force Clarity to comply with its statutory obligations by procuring counsel.

50. Ms. Ferdinand has hired the aforementioned law firm to represent her in this matter and has assigned her right to fees and costs to the firm.

## COUNT I
## CLARITY'S VIOLATIONS OF THE
## FCRA, 15 U.S.C. § 1681e(b)

51. Ms. Ferdinand adopts and incorporates paragraphs 1 – 50 as if fully stated herein.

52. Clarity violated **15 U.S.C. § 1681e(b)** at least forty-one (41) times when it failed to use reasonable procedures to assure maximum possible accuracy of consumer reports sold to third-parties regarding Ms. Ferdinand, as reasonable procedures would have prevented inclusion of information concerning another

individual into Ms. Ferdinand's reports, or the inclusion of information regarding a false email address.

53. Clarity's conduct was willful and intentional, or, alternately, was done with a reckless disregard for its duties under the FCRA to provide reports with maximum possible accuracy.

54. Clarity's policies could reasonably be foreseen to cause harm to Ms. Ferdinand.

55. Clarity is thus liable to Ms. Ferdinand, pursuant to 15 U.S.C. § 1681n, for the greater of Ms. Ferdinand's actual damages or statutory damages of up to $1,000 for each occurrence, as well as for punitive damages, reasonable attorneys' fees, and costs.

56. Alternatively, Clarity acted negligently and is thus liable to Ms. Ferdinand, pursuant to 15 U.S.C. § 1681o, for Ms. Ferdinand's actual damages, reasonable attorneys' fees, and costs.

**WHEREFORE,** Ms. Ferdinand respectfully requests this Honorable Court enter judgment against Clarity for:

    a.    The greater of Ms. Ferdinand's actual damages or statutory damages of **$1,000 per violation (for a total of $41,000)**, pursuant to 15 U.S.C. § 1681n(a)(1)(A), or in the alternative, Ms. Ferdinand's actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

b.      Reasonable costs and attorneys' fees pursuant to pursuant to 15 U.S.C. § 1681n(a)(3) and/or 15 U.S.C. § 1681o(a)(2);

c.      Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2); and,

d.      Such other relief that this Court deems just and proper.

## COUNT II
## CLARITY'S VIOLATIONS OF THE
## FCRA, 15 U.S.C. § 1681g(a)(2)

57.    Ms. Ferdinand adopts and incorporates paragraphs 1 - 50 as if fully stated herein.

58.    Clarity violated **15 U.S.C. § 1681g(a)(2)** when responding to Ms. Ferdinand's request for her consumer disclosure by failing to clearly and accurately disclose to Ms. Ferdinand the sources of information relied upon concerning information in her credit file – specifically the sources of the inaccurate information contained therein.

59.    Clarity knowingly failed to disclose the sources of the information despite clearly having such knowledge.

60.    Clarity knows, through complaints from other consumers, that it does not provide the source of information as required by the FCRA, yet refuses to correct such omission on its reports.

61.    Clarity is thus liable to Ms. Ferdinand, pursuant to 15 U.S.C. § 1681n, for the greater of Ms. Ferdinand's actual damages and statutory damages of up to

$1,000 for each occurrence, as well as for punitive damages, reasonable attorneys' fees, and costs.

62. Alternatively, Clarity acted negligently and is thus liable to Ms. Ferdinand, pursuant to 15 U.S.C. § 1681o, for Ms. Ferdinand's actual damages, reasonable attorneys' fees, and costs.

**WHEREFORE,** Ms. Ferdinand respectfully requests this Honorable Court enter judgment in her favor, and against Clarity, for:

a. The greater of Ms. Ferdinand's actual damages or statutory damages of **$1,000 per violation**, per violation, pursuant to 15 U.S.C. § 1681n(a)(1)(A), or in the alternative, Ms. Ferdinand's actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

b. Reasonable costs and attorneys' fees pursuant to pursuant to 15 U.S.C. § 1681n(a)(3) and/or 15 U.S.C. § 1681o(a)(2);

c. Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

d. Reasonable costs and attorneys' fees pursuant to 15 U.S.C. § 1681n(a)(3) and/or 15 U.S.C. § 1681o(a)(2); and,

e. Such other relief that this Court deems just and proper.

## JURY TRIAL DEMANDED

Ms. Ferdinand hereby demands a trial by jury on all issues so triable.

Respectfully submitted on June 24, 2023, by:

**SERAPH LEGAL, P. A.**

/s/ *Phil R. Goldberg*
Phil R. Goldberg, Esq.
Florida Bar No.: 105940
PGoldberg@SeraphLegal.com

/s/ *Carolyne V. Moomaw*
Carolyne V. Moomaw
Florida Bar No.: 21889
CMoomaw@SeraphLegal.Com

1614 North 19th Street
Tampa, FL 33605
Tel: 813-567-1230 (Ext: 304)
Fax: 855-500-0705
*Counsel for Plaintiff,*
*Marie Ferdinand*

**<u>ATTACHED EXHIBIT LIST</u>**

A Clarity's Consumer Disclosure for Ms. Ferdinand, June 21, 2023 – Excerpts
B Clarity's Credit Score for Ms. Ferdinand, March 17, 2023 – Excerpt